UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VANCE CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-1253-RLW |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff Vance Clark's "Petition for Removal of Action to United States District Court," and defendant State of Missouri's suggestions in opposition thereto. For the reasons discussed below, this case will be remanded to the Missouri Court of Appeals for the Eastern District of Missouri.

### **Background**

Clark is a Missouri state prisoner who is incarcerated in the Jefferson City Correctional Center ("JCCC"). According to public records, Clark was convicted in the Circuit Court of St. Francois County of multiple drug-related offenses, and on January 13, 2017 was sentenced to serve a total of 60 years in prison. *See State v. Clark*, No. 15SF-CR01618 (24th Jud. Cir. 2016). The Missouri Court of Appeals affirmed the judgment, and issued its mandate on May 25, 2018. *See State v. Clark*, No. ED105347 (Mo. Ct. App. 2018).

On July 24, 2018, Clark filed a petition for post-conviction relief in the Circuit Court, and on July 15, 2020, the Circuit Court denied the motion. *See Clark v. State*, No. 18SF-CC00110 (24th Jud. Cir. 2018). On August 25, 2020, Clark filed a notice of appeal in the Missouri Court of Appeals, seeking appellate review of the Circuit Court's decision. *See Clark v. State*, No.

ED109130 (Mo. Ct. App. 2020). As of the date of this Memorandum and Order, that case remains pending, and Clark is represented by counsel. This Court takes judicial notice of these Missouri State Court records, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

On September 14, 2020, Clark filed the instant removal notice, seeking to remove the pending appeal from the denial of his post-conviction motion. Clark states he proceeds pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1331, and the Supremacy Clause. As grounds for removal, Clark claims his attorney has failed to raise claims that Clark believes are meritorious, and he claims the state court erroneously accepted his attorney's filings. Clark characterizes this as a conspiracy and a violation of his federally-protected rights. He also claims his attorney violated ethical rules. On October 2, 2020, the State of Missouri filed suggestions in opposition to Clark's removal notice. The State of Missouri contends that Clark may not remove the pending state-court action to this Court because he could not have filed it here originally, and because he is the plaintiff in the action. The State of Missouri asks this Court to remand the action to the Missouri Court of Appeals. In reply, Clark asserts that his federally-protected rights are being violated. After filing the removal notice, Clark filed motions seeking to compel the State to produce certain documents, and seeking declaratory relief, summary judgment, and the appointment of counsel.

### Discussion

The district courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S.

375, 377 (1994)). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

As an initial matter, the Court notes that Clark neither paid the statutory filing fee required for removal of civil actions, nor filed a motion seeking leave to proceed *in forma pauperis*. Nevertheless, it would be futile to direct Clark to remedy such omission because Clark's removal notice is incurably deficient. Clark relies upon 28 U.S.C. § 1441, which permits a *defendant* to remove a civil action brought in state court to the district court where the action is pending. 28 U.S.C. § 1441(a). In this case, no defendant has sought removal of Clark's post-conviction appeal. Clark is the plaintiff in the case he seeks to remove, and the fact that he was a defendant in his criminal case does not make him a defendant for purposes of state post-conviction relief or 28 U.S.C. § 1441. Additionally, there is no legal basis for the removal of Clark's appeal from the denial of his state post-conviction motion. As the State of Missouri contends, because the state-court action is not one that originally could have been filed in federal court, it cannot be removed to federal court. *See Caterpillar Inc.*, 482 U.S. at 392. Finally, the Supremacy Clause of the United States Constitution provides no basis for removal, and Clark identifies no ongoing state criminal proceeding that is removable pursuant to 28 U.S.C. § 1443. Therefore, the Court will remand this action to the Missouri Court of Appeals for the Eastern District of Missouri, and will deny as moot Clark's pending motions.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Missouri Court of Appeals for the Eastern District of Missouri. A separate order of remand will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff Vance Clark's Petition for Order to Show Cause Requesting Documents (ECF No. 3), Motion for Leave of Court Seeking Declaratory Relief (ECF No. 7), Motion for Appointment of Counsel (ECF No. 8), and Motion for Summary Judgment (ECF No. 9) are **DENIED** as moot.

Dated this 2nd day of November, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE